IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

ANDRE W. WARFIELD,

                                                                     OPINION AND ORDER

                Petitioner,

                                                                   08-cv-477-slc

       v.

GREG GRAMS, Warden,
Columbia Correctional Institution,

                Respondent.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

      Petitioner Andre W. Warfield petitioned for a writ of habeas corpus under 28 U.S.C. § 2254, arguing that he had been convicted improperly in state court of hostage-taking and kidnapping in the course of a home invasion in which he denied having participated except as a getaway driver and lookout. In a report and recommendation filed on November 22, 2008, the United States Magistrate Judge recommended denial of the petition.

      The magistrate judge reviewed the state court proceedings in which the state prosecuted petitioner on a theory of vicarious liability. The state court instructed the jury that it could not find petitioner guilty of any crime committed by any other member of the conspiracy unless it could find that the other crime was a natural and probable consequence

1

of the intended crime.  The trial court explained that "[a] crime is a natural and probable consequence of another crime if, in the light of ordinary experience, it was a result to be expected, not an extraordinary or surprising result."  It added that the jury should evaluate foreseeability from the standpoint of one in petitioner's situation.  WIS JI-CRIMINAL 411 (2005).  Petitioner was found guilty; on appeal, the Wisconsin Court of Appeals upheld his conviction, finding that the evidence was sufficient to support the jury's verdict.  Petitioner sought review by the Supreme Court of Wisconsin but was unsuccessful.

  In his petition for a writ of habeas corpus, petitioner argued that the link between the crime of which he was guilty (conspiracy to commit armed robbery) and the substantive crimes (hostage-taking and kidnapping) was too attenuated to permit the jury to find him guilty and that the state court of appeals failed to recognize the due process component of his challenge.  The magistrate judge disagreed, holding that petitioner's contention was "nothing more than a disagreement with the [appellate] court's ultimate conclusion about the sufficiency of the evidence."  Rep. & Rec., dkt. #12, at 2.

  Petitioner objects strenuously to the magistrate judge's recommendation, chastising the magistrate judge for giving "short shrift" to his contention that, in finding the evidence sufficient to support petitioner's conviction,  the state court of appeals did not consider the limits that the due process clause places on the vicarious liability of co-conspirators.  In addition, he contends that it was error for the magistrate judge to apply the Anti-Terrorism

2

and Effective Death Penalty Act deferential standard of review, 28 U.S.C. § 2254(d), when the state court of appeals never discussed Pinkerton, 328 U.S. 640 (1946), or the United States Constitution.

As I understand petitioner's due process argument, in reviewing a conviction that rests on a finding of vicarious liability, a court must consider not only whether the instructions followed Pinkerton and whether the jury had sufficient evidence on which to find that the acts of the defendant's co-conspirators were reasonably foreseeable to him, but must also decide whether, even so, the evidence of foreseeability is so attenuated that it would violate the defendant's due process rights to hold him liable. I am no more persuaded than the magistrate judge was that this due process theory adds anything to petitioner's challenge to his conviction. The point of Pinkerton is to insure that a defendant is not held liable for the acts of his co-conspirators unless the government can prove that the act in question was done in furtherance of the conspiracy, that it fell within the scope of the unlawful project and that it was not "merely a part of the ramifications of the plan which could not be reasonably foreseen as a necessary or natural consequence of the unlawful agreement." Pinkerton, 328 U.S. at 647-48. Adding an "attenuation" requirement to the Pinkerton safeguards does not seem necessary, except to emphasize the importance of insuring that the evidence supports the conviction.

Petitioner cites United States v. Casteneda, 9 F.3d 761, 766 (9th Cir. 1993), for the

3

unexceptional proposition that the "foreseeability concept underlying Pinkerton is also the main concern underlying a possible due process violation." In Casteneda, the court found that a conspirator who was not physically present when guns were used and who had only a passive role in an overall drug conspiracy could not be held liable for a co-conspirator's possession of a gun while in possession of drugs. "Where a defendant has little or no connection to the predicate drug offense, another conspirator's use of a firearm in relation to the predicate drug offense may, in some fact situations, be unforeseeable." Id. at 767. It is possible that the court would have reached the same result had it limited its consideration to whether the evidence was sufficient to support a verdict that the defendant could reasonably have foreseen the use of the guns. In any event, the facts in Casteneda are not the facts of this case. Petitioner was not a passive participant. He knew that a home invasion and robbery were the purpose of the trip and he was present as the getaway driver and lookout while the invasion took place. Moreover, he knew that the men entering the house were carrying guns.

In the state courts, petitioner focused his challenge on the alleged insufficiency of the evidence supporting the jury's verdict. He did not argue that due process concerns might require any greater amount of evidence than would satisfy the Pinkerton requirements. Despite his arguments, the court of appeals found the evidence sufficient. Now, in an effort to avoid the force of that finding, petitioner argues that this court should not give its usual

4

deference to the state court's decision, as it is required to do under 28 U.S.C. § 2254(d), because the state court did not cite <u>Pinkerton</u> or the United States Constitution in reaching its conclusion that petitioner's conviction was valid.

It is true that the court of appeals did not cite either <u>Pinkerton</u> or the Constitution, but nothing in § 2254(d) requires a state court to cite federal law. All that the statute requires is that the court's decision conform to clearly established federal law.

Obviously, petitioner disagrees with the verdict the jury reached. It does not follow, however, that the verdict was without foundation or that the state courts erred in upholding it. The court of appeals itemized the evidence from which the jury could reasonably have inferred that defendant was in a position to foresee the consequences of his and his co-conspirators' actions. The jury knew that several men had traveled from Chicago to Kenosha, where the home was located, suggesting that a large number was needed to undertake the invasion, and that they traveled in two cars, suggesting that one car would be needed to transport resident Nora Nieves to her check cashing job. It heard testimony that petitioner knew that the men were armed. It did not have to believe petitioner's testimony that he did not know the extent of the invasion plans and that he had not accepted those plans. Applying <u>Jackson v. Virginia</u>, 443 U.S. 307, 319 (1979), the state court of appeals found that the evidence in petitioner's case met the test in <u>Jackson</u>, which was whether, "after viewing the evidence in the light most favorable to the prosecution, *any* rational trier

5

of fact could have found the essential elements of the crime beyond a reasonable doubt." I cannot say that the state court's decision to affirm petitioner's conviction was based on an unreasonable application of clearly established federal law.

I agree with the magistrate judge that this petition for a writ of habeas corpus must be denied for petitioner's failure to show that he is in custody in violation of the Constitution of the United States.

ORDER

IT IS ORDERED that petitioner Andre W. Warfield's petition for a writ of habeas corpus under 28 U.S.C. § 2254 is DENIED.

Entered this 30th day of January, 2009.

BY THE COURT:
/s/
BARBARA B. CRABB
District Judge

6