IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

ANDRE W. WARFIELD,

          Petitioner,　　　　　　　　　　　ORDER

   v.　　　　　　　　　　　　　　　　　　08-cv-0477-slc

GREG GRAMS, Warden,
Columbia Correctional Institution,

          Respondent.

---

    Andre Warfield asks this court to issue a certificate of appealability permitting him to appeal from this court's order and judgment entered January 30, 2009 denying his petition for a writ of habeas corpus. Petitioner contends that his state court conviction for hostage-taking and kidnapping in the course of a home invasion in which he denied having participated except as a getaway driver and lookout was in violation of his right to due process because the link between the crimes of which he was guilty (conspiracy to commit armed robbery) and the substantive crimes (hostage-taking and kidnapping) was too attenuated to permit the jury to find him guilty. This court rejected petitioner's argument that the due process clause required an additional "attenuation" analysis beyond the "reasonably foreseeable" safeguards set forth in Pinkerton v. United States, 328 U.S. 640 (1946). Applying the deferential standard of review required by 28 U.S.C. § 2254(b), the court also found that the state court of appeals had applied clearly established federal law

reasonably when it found the evidence adduced at trial sufficient to support petitioner's conviction for hostage-taking and kidnapping under a vicarious liability theory.

A certificate of appealability shall issue "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). In order to make this showing, a petitioner must "sho[w] that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were 'adequate to deserve encouragement to proceed further.' " Slack v. McDaniel, 529 U.S. 473, 484 (2000) (quoting Barefoot v. Estelle, 463 U.S. 880, 893, n.4 (1983)). In his motion for a certificate for appealability, petitioner presses his unsuccessful attenuation/due process argument and his related argument that the state appellate court's decision is not entitled to deference under § 2254(d) because it failed to address the attenuation issue. Neither of these arguments merits a certificate of appealability. In the absence of any authority to the contrary, reasonable jurists would not debate that Pinkerton's restrictions on the imposition of vicarious liability for the act's of one's co-conspirators already account for the "attenuation" problem posed by petitioner. Also not debatable is the conclusion that the state court of appeals adjudicated the merits of petitioner's "attenuation" argument when it reviewed the sufficiency of the evidence to support the conviction. Nevertheless, I will grant the certificate because there is at least a reasonable possibility that jurists could debate whether the court of appeals reasonably applied the test of Jackson v. Virginia, 443 U.S. 307, 319 (1979), to the evidence in this

case when it found the evidence sufficient to sustain petitioner's convictions for hostage-taking and kidnapping.

ORDER

IT IS ORDERED that the motion of Andre Warfield for a certificate of appealability is GRANTED with respect to the issue whether the Wisconsin Court of Appeals reasonably applied the test of Jackson v. Virginia, 443 U.S. 307, 319 (1979), to the evidence adduced at trial when it sustained petitioner's convictions for hostage-taking and kidnapping.

If petitioner seeks to appeal, he must either pay the $455 filing fee or file an application for leave to proceed in forma pauperis.

Entered this 9th day of March, 2009.

BY THE COURT:

/s/

BARBARA B. CRABB
District Judge